IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TYLER DIVISION

| | | |
|---|---|---|
| WILLIAM MARK WESTMORELAND | § | |
| VS | § | CIVIL ACTION NO. 6:07CV361 |
| DIRECTOR, TDCJ-CID | § | |

MEMORANDUM OPINION AND ORDER

Petitioner William Mark Westmoreland, an inmate confined in the Texas prison system, filed this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. The petition was referred to a Magistrate Judge for findings of fact, conclusions of law and recommendations for the disposition of the case. The Director filed a motion on August 29, 2007, asserting that the petition was untimely filed and thus time-barred under the Antiterrorism and Effective Death Penalty Act ("AEDPA"). *See* docket entry #15. Petitioner filed a response, asserting that he should receive the benefit of equitable tolling because his trial counsel had misplaced certain of his documents that delayed his filing by three months. *See* docket entry #16. On October 31, 2007, the Magistrate Judge issued a Report and Recommendation ("R&R") concluding that equitable tolling did not apply and recommending that the petition be dismissed as time-barred. *See* docket entry #17. Petitioner filed objections, *see* docket entry #18, which the undersigned District Judge overruled on *de novo* review and adopted the Magistrate Judge's R&R, dismissing the petition. *See* docket entries #19, 20. Petitioner sought a certificate of appealability ("COA") from the United States Court of Appeals for the Fifth Circuit. On August 18, 2008, the Fifth Circuit denied a COA, finding that Petitioner had not shown "that jurists of reason would find it debatable whether the district court was correct in its procedural ruling" regarding equitable tolling and the statute of limitations. *See Westmoreland v. Quarterman*, No. 08-40011 (5th Cir. Aug. 18, 2008) (docket entry #26). The Court notes that Petitioner also attempted to address his claims in another § 2254 petition filed in this Court, which was dismissed as an unauthorized successive petition in *Westmoreland v. Director, TDCJ-CID*, No.

1

6:10cv640 (E.D. Tex. Jan. 10, 2011).[1] The Court further notes that Petitioner admits he has not obtained authorization from the Fifth Circuit to file a successive petition in his current Motion for Relief From Judgment (docket entry #27). *See* Motion at 4-5.

On December 14, 2011, Petitioner filed his instant Motion for Relief From Judgment, a full five years after the Court dismissed his habeas petition as untimely and undeserving of equitable tolling. He nonetheless has raised these exact same issues again, arguing that the Court should re-open his habeas petition pursuant to Fed. R. Civ. P. 60(b) and apply the equitable tolling analysis of *Holland v. Florida*, - - - U.S. - - - -, 130 S. Ct. 2549, 2562-63, 177 L. Ed. 2d 130 (2010), to find that he is entitled to equitable tolling and, presumably, consideration of his habeas claims on their merits. His motion is without merit and will be denied.

Rule 60(b) of the Federal Rules of Civil Procedure states:

> On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b)(1)-(6); *Cazier v. Thaler*, 2010 WL 2756765, at *1 n.1 (W.D. Tex. July 12, 2010); *see also Reed v. Gallegos*, 2009 WL 5216871, at *1 (S.D. Tex. Dec. 29, 2009). A Rule 60(b) motion "must be made within a reasonable time - and for reasons (1), (2), and (3) no more than a year after the entry of the judgment or order. . . ." Fed. R. Civ. P. 60(c)(1). A decision with respect to a motion for relief pursuant to Rule 60(b) is left to the "sound discretion of the district court and will only be reversed if there is an abuse of that discretion." *Steverson v. GlobalSantaFe Corp.*, 508 F.3d 300, 303 (5th Cir. 2007) (quoting *Stipelcovich v. Sand Dollar Marine, Inc.*, 805 F.2d 599, 604 (5th Cir. 1986)).

Petitioner generally does not distinguish among the various facets of Rule 60(b), but any motion pursuant to Rules 60(b)(1), (2), or (3) must fail because it has been more than a year after the

---

[1] The Court takes judicial notice of its own cases pursuant to Fed. R. Evid. 201(b)&(c).

entry of final judgment. *See* Fed. R. Civ. P. 60(c). Aside from that specific time limit, Petitioner's motion overall has not been filed within a reasonable time under Rule 60(c).[2] To be precise, it has been over five years since entry of final judgment in this case. Petitioner has attempted an appeal and even an unauthorized successive petition, to no avail, but has delayed filed a Rule 60(b) motion for relief from judgment until far too late for it to be given effect. *See Scheanette v. Quarterman*, 309 Fed. Appx. 870, 872-73 & n.2 (5th Cir. 2009) (per curiam) (two years between entry of judgment and Rule 60(b) motion was unreasonable); *Henderson v. Dretke*, 2008 WL 731972, at *2 (N.D. Tex. Mar. 19, 2008); *see also Green v. Johnson Richards & Co.*, 2011 WL 5190282, at *5 & n.11 (M.D. La. Oct. 12, 2011) (citing cases).

Petitioner appears to argue that because *Holland* was decided in 2010 after his judgment was made final, its equitable tolling analysis should apply to his case. There, the Supreme Court observed that a habeas petitioner is entitled to equitable tolling only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing. *Holland*, 130 S. Ct. 2549 at 2562. However, as Petitioner acknowledges, the Supreme Court merely cited the existing rule of *Pace v. DiGuglielmo*, 544 U.S. 408, 418, 125 S. Ct. 1807, 161 L. Ed. 2d 669 (2005), which was in effect at the time this Court determined that Petitioner was not entitled to equitable tolling under the facts as he alleged them.

Petitioner's motion is without merit. It is accordingly

**ORDERED** that Petitioner's Motion for Relief From Judgment (docket entry #27) is hereby **DENIED**. Any motion not previously ruled upon is also **DENIED**.

**SIGNED this 8th day of March, 2012.**

MICHAEL H. SCHNEIDER
UNITED STATES DISTRICT JUDGE

---

[2] Petitioner ultimately mentions Rule 60(b)(6) in passing, at page 11 of his Motion.